**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 23-2473, 23-2642 & 23-3199
_____

LABORATORY CHARTER SCHOOL,
                                Appellant in Nos. 23-2473 & 23-3199

v.

M.R.S., by and through her parent Sharona Smith,
Sharona Smith individually,
                                Appellants in No. 23-2642
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-21-cv-05538)
District Judge: Honorable Juan R. Sánchez
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on June 25, 2024

Before: KRAUSE, RESTREPO, and MATEY, *Circuit Judges.*

(Filed: July 24, 2024)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

KRAUSE, *Circuit Judge*.

As a student with a disability, M.R.S. is entitled to a Free Appropriate Public Education (FAPE) under the Individuals with Disabilities Education Act (IDEA). But during her fifth-grade year, M.R.S.'s new school, Laboratory Charter (Lab Charter), failed both to develop an appropriate Individualized Education Program (IEP) and to reevaluate her abilities, as required by law. At the beginning of her seventh-grade year, after M.R.S. struggled to adapt to virtual learning necessitated by the COVID pandemic during sixth grade, Lab Charter excluded M.R.S. from school completely, claiming she had withdrawn.

M.R.S.'s mother, S.S., filed two due process complaints against Lab Charter alleging violations of the IDEA. A state hearing officer issued a "stay put" order placing M.R.S. at Lab Charter and determined that Lab Charter had denied M.R.S. a FAPE during fifth grade and a portion of seventh grade, but not during sixth grade, the year of virtual schooling. The District Court affirmed the hearing officer in full and awarded attorney's fees and costs to M.R.S. While we agree that M.R.S. was denied a FAPE during her fifth- and seventh-grade years, the District Court prematurely concluded that equitable considerations bar recovery for her virtual sixth-grade year without assessing whether M.R.S. was denied a FAPE in the first place. We will therefore affirm in part and remand for further proceedings on that issue and the issue of fees and costs.

# DISCUSSION[1]

## I.     Denial of a FAPE

Under the IDEA, states that receive federal funding must provide a FAPE to every child with a disability.  20 U.S.C. § 1412(a)(1)(A).  The "primary mechanism" for delivering a FAPE is the child's IEP, *Ridley Sch. Dist. v. M.R.*, 680 F.3d 260, 269 (3d Cir. 2012) (citation omitted), which a local educational agency (LEA) is obliged to have in place for every student with a disability at the beginning of each school year, 20 U.S.C. § 1414(d)(2)(A).[2]

If a student has been denied a FAPE, she may seek "compensatory education" in the form of educational services within the district.  *C.H. v. Cape Henlopen Sch. Dist.*, 606 F.3d 59, 66 (3d Cir. 2010).  Although a procedural violation of the IDEA will not in itself warrant compensatory education, a denial of a FAPE may occur when a procedural violation "causes substantive harm to the child or [her] parents."  *Id.* (quoting *Knable ex rel. Knable v. Bexley City Sch. Dist.*, 238 F.3d 755, 765 (6th Cir. 2001)).

---

[1] The District Court had jurisdiction under 20 U.S.C. § 1415(i)(2)(A), (3)(A), and we have jurisdiction under 28 U.S.C. § 1291.  When reviewing a state administrative decision under the IDEA, a district court applies "a nontraditional standard of review, sometimes referred to as 'modified de novo' review."  *Ridley Sch. Dist. v. M.R.*, 680 F.3d 260, 268 (3d Cir. 2012) (quoting *D.S. v. Bayonne Bd. of Educ.*, 602 F.3d 553, 564 (3d Cir. 2010)).  A hearing officer's factual findings "are to be considered prima facie correct," and "[i]f a reviewing court fails to adhere to them, it is obliged to explain why." *Id.* (quoting *S.H. v. State-Operated Sch. Dist. of Newark*, 336 F.3d 260, 270 (3d Cir. 2003)).  We review the district court's findings of fact under a clearly erroneous standard, and we exercise plenary review over its conclusions of law.  *Id.*

[2] A charter school qualifies as an LEA.  *See* 34 C.F.R. § 300.28(a); *Hatikvah Int'l Acad. Charter Sch. v. E. Brunswick Twp. Bd. of Educ.*, 10 F.4th 215, 217 (3d Cir. 2021).

### A. FAPE During the 2019–2020 School Year

The hearing officer correctly determined that Lab Charter denied M.R.S. a FAPE during her fifth-grade year. M.R.S.'s initial Lab Charter enrollment form indicated that her previous school had developed an IEP to provide her extra academic support, and S.S. discussed M.R.S.'s special needs with Lab Charter's principal. But Lab Charter did not obtain the existing IEP or develop a new IEP for M.R.S. until May 2020, *after* class had ended for the year. An LEA that "knows or should know that a child has an inappropriate IEP" and that fails to correct the situation is liable to provide compensatory education for the period of deprivation, *M.C. ex rel. J.C. v. Cent. Reg'l Sch. Dist.*, 81 F.3d 389, 397 (3d Cir. 1996), and here, Lab Charter failed to remedy a situation where a child with a known disability had no IEP at all. We therefore agree with the hearing officer that the school's failure to develop and implement an IEP was a per se denial of a FAPE, justifying an award of compensatory education.

### B. FAPE During the 2020–2021 School Year

The hearing officer denied M.R.S. relief for her sixth-grade year, holding that M.R.S. was not deprived of a FAPE during that period and that, even if she were, her mother's failure to cooperate in the IEP process precludes recovery on equitable grounds. The District Court affirmed on the basis of S.S.'s alleged noncooperation and declined to address the finding that M.R.S. was not denied a FAPE. We believe the District Court too quickly denied relief on that ground alone, so we will remand for further proceedings.

In concluding that relief was inappropriate, the District Court relied primarily on evidence concerning S.S.'s failure to attend a meeting to discuss her daughter's IEP. Lab

4

Charter had scheduled the meeting after S.S. raised concerns about M.R.S.'s accommodations, but S.S. apparently did not respond to the school's invitation. The District Court treated S.S.'s lack of response alone as sufficient to bar relief. But there are any number of reasons a parent might miss an IEP meeting, and we are aware of no authority holding that a parent's failure to attend a *single* IEP meeting per se precludes all recovery for the denial of a FAPE. Rather, a number of factors, including S.S.'s participation at other points in the IEP process and her efforts to organize the meeting in the first place, must be considered together to determine whether the "equities" warrant a reduction of a student's recovery for IDEA violations. *Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 247 (2009); *see also Ferren C. v. Sch. Dist. of Phila.*, 612 F.3d 712, 718 (3d Cir. 2010) ("In fashioning discretionary equitable relief under the IDEA, a court must 'consider all relevant factors.'" (quoting *Florence Cnty. Sch. Dist. v. Carter*, 510 U.S. 7, 16 (1993))). On remand, if the District Court determines that M.R.S. was denied a FAPE during her sixth-grade year, it should more thoroughly weigh the evidence concerning S.S.'s actions as they relate to Lab Charter's ability to provide M.R.S. with a FAPE before denying recovery on equitable grounds.

In the first instance, though, the District Court should review the hearing officer's determination that M.R.S. was not denied a FAPE during sixth grade. The IDEA requires LEAs to reevaluate each student with a disability at least once every three years. 20 U.S.C. § 1414(a)(2). Though a failure to conduct this triennial reevaluation is itself only a procedural violation of the IDEA, it may result in a substantive denial of a FAPE if it (1) "[i]mpeded the child's right to a FAPE;" (2) "[s]ignificantly impeded the parent's

5

opportunity to participate in the decision-making process regarding the provision of a FAPE to the parent's child; or" (3) "[c]aused a deprivation of educational benefit."  34 C.F.R. § 300.513(a)(2).

Here, the hearing officer explained that M.R.S.'s frequent absences from virtual class made it difficult for Lab Charter to implement her IEP, despite its "appropriate and significant efforts" to support her.  App. 846.  But it also found that Lab Charter prepared M.R.S.'s May 2020 IEP without first conducting a reevaluation, even though she was due for one in April 2020.  Had Lab Charter reevaluated M.R.S. before she began sixth grade, as required by law, the school may have used different strategies to engage with her during the pandemic.  It is therefore plausible that Lab Charter's procedural violation caused substantive harm to M.R.S., depriving her of educational benefit.  *See Ridley Sch. Dist.*, 680 F.3d at 269.  The District Court did not discuss this possibility, so we will remand to give it that opportunity.

## II.    Stay Put Order

We now turn to the hearing officer's stay put order, his determination that Lab Charter unlawfully excluded M.R.S. at the start of her seventh-grade year, and the resulting award of compensatory education confirmed by the District Court.  We agree with the District Court and will affirm.

The IDEA's "stay put" provision prescribes that "[a] child shall remain in [her] then-current educational placement" during the pendency of any due process proceedings.  20 U.S.C. § 1415(j).  This rule "reflects Congress's policy choice that all children with disabilities remain in their current educational placement until the dispute

6

about their placement is resolved." *Hatikvah Int'l Acad. Charter Sch. v. E. Brunswick Twp. Bd. of Educ.*, 10 F.4th 215, 218 (3d Cir. 2021). The "dispositive factor in deciding a child's 'current educational placement' should be the [IEP] . . . functioning when the 'stay put' is invoked." *Susquenita Sch. Dist. v. Raelee S.*, 96 F.3d 78, 83 (3d Cir. 1996) (quoting *Drinker ex rel. Drinker v. Colonial Sch. Dist.*, 78 F.3d 859, 867 (3d Cir. 1996)). At the start of the 2021–2022 school year, M.R.S.'s IEP placed her at Lab Charter.

Lab Charter argues that M.R.S. had withdrawn from the school by the time she filed her due process complaint. But the record reflects that S.S. never withdrew her daughter from Lab Charter and made her intentions to keep M.R.S. at the school abundantly clear. The hearing officer found M.R.S.'s witnesses more credible than Lab Charter's witnesses on this point, and we afford that determination "special weight." *D.S. v. Bayonne Bd. of Educ.*, 602 F.3d 553, 564 (3d Cir. 2010). The documentary evidence, including a series of emails among S.S., the school, and their respective attorneys, also supports this conclusion. Any possible miscommunications between the parties—a single email stating "No problem!" and a middle schooler's alleged confusion about her future educational plans, App. 1040—hardly suggest otherwise.

By wrongfully excluding M.R.S. at the beginning of the 2021–2022 school year, Lab Charter abdicated its duty to provide her with a FAPE, so we agree with the District Court that compensatory education is an appropriate remedy.

## III.    Attorney's Fees and Costs

In a separate appeal, Lab Charter challenges the District Court's award of attorney's fees and costs to M.R.S., the "prevailing party" under the IDEA. 20 U.S.C.

7

§ 1415(i)(3)(B)(i)(I).  Given that we are remanding a portion of this case to the District Court, we will not presently rule on the issue.[3]

## CONCLUSION

For the foregoing reasons, we will affirm the judgment of the District Court in part, vacate in part, and remand for the Court to determine whether M.R.S. was denied a FAPE during the 2020–2021 school year in the first instance.

---

[3] Lab Charter also argues for an award of attorney's fees in its favor under 20 U.S.C. § 1415(i)(3)(B)(i)(II)–(III).  That provision, however, is only applicable when a parent's complaint was either "frivolous, unreasonable, or without foundation" or "presented for any improper purpose."  Here, that characterization is foreclosed by the rulings of each tribunal that considered this matter.